609 P.2d 577

Steve BOSWELL and Jim Mofford,
Petitioners,

v.

The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable David G. Derickson, a judge thereof; Phoenix Newspapers, Inc., an Arizona Corporation, Respondents.

No. 14771.

Supreme Court of Arizona, En Banc.

April 2, 1980.

Logan, Marton, Halladay & Hall by Kraig J. Marton, Phoenix, for petitioners.

Gust, Rosenfeld, Divelbess & Henderson by James F. Henderson and David M. Hastings, Phoenix, for respondent, Phoenix Newspapers, Inc.

HAYS, Justice.

We accepted jurisdiction of this petition for special action for the sole purpose of meeting one of the issues raised by the petitioners. The question is: did the trial court abuse its discretion in deciding that under the pertinent Arizona statute the sufficiency of a correction was a matter of law to be decided by the court?

In order to answer this question, we must discuss briefly the factual background of this case. Steve Boswell and Jim Mofford, plaintiffs below and petitioners herein, were employed as security guards for Lucky Stores. On April 2, 1977 The Phoenix Gazette published an article which stated that Mofford and Boswell had pleaded guilty to second degree burglary.

Two days later The Gazette published an article under the caption "Beg Your Pardon" which said that Mofford and Boswell were mistakenly identified in a Phoenix Gazette story as employees who participated in a burglary at a Lucky Store. The correctly named persons who pleaded guilty were indicated.

A.R.S. § 12-653.02 provides in pertinent part that in an action for damages for the publication of a libel in a newspaper or magazine, the plaintiff shall recover no more than special damages unless a correction is demanded and not published.

A.R.S. § 12-653.03 provides in pertinent part that if a correction is demanded and is not published "in substantially as conspicuous a manner" in the newspaper, the plaintiff may recover general, special and exemplary damages.

A.R.S. § 12-653.04 indicates that a correction published prior to receipt of a demand "in substantially as conspicuous a manner" as the statements claimed to be libelous shall have the same force and effect as though the demand process was followed.

The trial judge granted the defendant-respondent's motion for partial summary judgment with respect to general damages. This of necessity required the judge to treat the weighing of the sufficiency of the retraction as a matter of law rather than a matter of fact. With this conclusion, we do not agree.

The respondent and the petitioner agree that there is no Arizona authority on this

issue. We also note that in some jurisdictions it has been held that the sufficiency of a retraction is a mixed question of law and fact or is a question of law. *Gripman v. Kitchel*, 173 Mich. 242, 138 N.W. 1041 (1912); *Brogan v. Passaic Daily News*, 22 N.J. 139, 123 A.2d 473 (1956).

We however are persuaded that the best position is that taken in *Behrendt v. Times-Mirror Co.*, 30 Cal.App.2d 77, 85 P.2d 949, 954 (1938), where the writer quotes an earlier California Supreme Court case, *Turner v. Hearst*, 115 Cal. 394, 404, 47 P. 129, 132 (1896) as follows: " 'The question of the sufficiency or insufficiency is peculiarly a question of fact, and therefore peculiarly for the determination of the jury.' "

Respondent, in his memorandum at the close of his argument on this issue, urges that if we determine that the sufficiency of a correction is a question of fact, this should only be submitted to a jury if reasonable men could differ. A review of the initial article and the correction article published in the newspaper, along with an examination of their respective positions in the newspaper, results in the inescapable conclusion that here reasonable men could differ.

It is ordered that the trial court take steps to conform its ruling to the foregoing.

Partial relief granted.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.